**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELVERTO DAVILA, )<br>)<br>Defendant. )<br>_____ ) | **CRIMINAL ACTION**<br>**No. 06-20056-02-KHV**<br><br>**CIVIL ACTION**<br>**No. 11-2303-KHV** |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #787) filed May 31, 2011. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On March 31, 2006, a grand jury returned a 36-count indictment which charged Elverto Davila and 13 codefendants. In particular, the indictment charged defendant with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (crack), five kilograms or more of a mixture or substance containing cocaine and 100 kilograms or more of marijuana (Count 1); three counts of using a telephone to facilitate a drug trafficking offense (Counts 4, 33 and 34); and two counts of distribution of cocaine (Counts 5 and 6). On October 23, 2007, without a plea agreement, defendant pled guilty to all six counts.

Defendant's base offense level was 34. See Presentence Investigation Report ("PSIR") dated September 5, 2008 ¶ 133. The Court also assessed a two-level enhancement under U.S.S.G. § 2D1.1 because defendant possessed a firearm in connection with the offense and a two-level enhancement for defendant's management role in the offense under U.S.S.G. § 3B1.1(c). Defendant received a

two-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 36. See U.S.S.G. § 3E1.1. Defendant's total offense level of 36, with a criminal history category I, resulted in a sentencing range of 188 to 235 months in prison. See Transcript Of Continuation Of Sentencing (Doc. #709) at 205. On June 9, 2009, the Court sentenced defendant to 212 months in prison. Defendant appealed his sentence as substantively unreasonable. On February 8, 2010, the Tenth Circuit affirmed. See Order And Judgment (Doc. #739). Patrick W. Peters represented defendant throughout the district court proceedings. Shortly after defendant filed an appeal, Mr. Peters withdrew. John T. Carlson represented defendant on appeal.

On May 31, 2011, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Mr. Peters was ineffective because (1) he did not file a motion to dismiss for violation of defendant's right to a speedy trial, (2) he did not file a motion to withdraw defendant's plea because it was coerced, (3) at sentencing, he did not pursue his argument that defendant was eligible for the safety valve and (4) at sentencing, he did not object to defendant's offense level which was based in part on a quantity of crack cocaine (or cocaine base). Defendant also alleges that Mr. Carlson was ineffective because on appeal, he did not argue that defendant's plea was coerced, that defendant should not have been held accountable for any crack cocaine and that a manager enhancement was inappropriate.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

**I.      Motion To Dismiss Under Speedy Trial Act**

Defendant alleges that Mr. Peters was ineffective because he did not file a motion to dismiss for violation of defendant's right to a speedy trial. Defendant asserts that under Zedner v. United States, 547 U.S. 489 (2006), a district court cannot grant a continuance "for reasons stated in the defendant's motion." Defendant's Reply (Doc. #810) filed January 3, 2012 at 2. Zedner requires a district court to set forth its reasons for finding that the ends of justice are served and that they outweigh other interests, 547 U.S. at 506, but it does not preclude a district court from incorporating the reasoning or the factual circumstances set forth in a motion to continue. See generally United

States v. Toombs, 574 F.3d 1262, 1271 (10th Cir. 2009) (explanation of need for additional time must be in "the record, which includes the oral and written statements of both the district court and the moving party"); United States v. Occhipinti, 998 F.2d 791, 797 (10th Cir. 1993) (in setting forth its findings, district court need not articulate facts which are obvious and set forth in motion for continuance).

Even if defendant could show some technical violation of the Speedy Trial Act, he has not alleged facts which would establish that counsel's failure to raise the issue was deficient or prejudicial. A violation of the Speedy Trial Act, by itself, is not a sufficient basis for dismissal with prejudice. United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006). In determining whether to dismiss the case with or without prejudice, the district court must consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Act and on the administration of justice. 18 U.S.C. § 3162(a)(2). Absent a showing of appreciable prejudice to defendant, a district court generally should dismiss serious charges without prejudice under Section 3162(a)(2) unless the delay is extended and attributable to intentional dilatory conduct, or a pattern of neglect by the government. United States v. Rushin, 642 F.3d 1299, 1307 (10th Cir. 2011); United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir. 1993). Defendant has not alleged any such circumstances in this case. Defendant therefore cannot establish that counsel's performance was deficient, see Rushin, 642 F.3d at 1308 (reasonable attorney in sound exercise of professional judgment might decide to forgo filing motion to dismiss based on speedy trial violation as largely ineffective, imprudent use of limited resources or even unwarranted gamesmanship), or prejudicial, see id. at 1309-10 (in no meaningful sense has defendant established

reasonable probability that result or outcome of proceeding would have differed if indictment had been dismissed without prejudice because in all likelihood the government would have reindicted him, placing him in same posture as before dismissal). The Court overrules defendant's first claim for relief.

**II.     Motion To Withdraw Plea**

Defendant alleges that Mr. Peters was ineffective because he did not file a motion to withdraw defendant's plea. Defendant asserts that he was "coerced" to plead guilty because he pled guilty without a plea agreement out of fear for his safety and that of his family. As defendant acknowledges in his reply, however, he was not coerced into pleading guilty – he simply was "torn between pleading guilty pursuant to a plea agreement and entering an open plea." Defendant's Reply (Doc. #810) at 7. Defendant does not dispute that he in fact was guilty as charged. Counsel's failure to file a motion to withdraw the plea was not deficient or prejudicial. Defendant simply changed his mind about the wisdom of an open plea instead of a plea pursuant to an agreement. He has not alleged that he informed counsel of his change of mind or that the Court would have allowed defendant to withdraw his plea on such grounds. Defendant also has not shown that the government would have been willing to give him the same plea agreement which he had rejected earlier. For these reasons, the Court finds that counsel's failure to file a motion to withdraw defendant's guilty plea was not deficient or prejudicial. The Court overrules defendant's second claim for relief.

**III.    Objection To Eligibility For Safety Valve**

Defendant alleges that Mr. Peters was ineffective because at sentencing, he did not pursue his argument that defendant was eligible for the safety valve. Counsel's failure to pursue this objection was not deficient or prejudicial. At sentencing, the Court found that defendant personally

possessed a Walther P99 gun. Transcript Of Sentencing (Doc. #709) at 202; see PSIR ¶ 223 (defendant either "possessed a firearm, or aided and abetted the possession of a firearm at his uncle's residence, which was utilized by members of the conspiracy for trafficking drugs").[1] Therefore defendant was not eligible for the safety valve. The Court overrules defendant's third claim for relief.

## IV. Objection To Including Crack Cocaine In Drug Quantity

Defendant alleges that Mr. Peters was ineffective because at sentencing, he did not object to his offense level which was based in part on a quantity of cocaine base. Defendant maintains that he should not have been held accountable for any cocaine base. The Court calculated defendant's base offense level at 34 because the offense involved at least 3,000 but less than 10,000 kilograms of marijuana or its equivalent.[2] Even if the Court did not hold defendant accountable for any cocaine base, his base offense level would remain 34. Accordingly, counsel's performance was not deficient or prejudicial for his failure to object to the inclusion of cocaine base in defendant's base offense level. The Court overrules defendant's fourth claim for relief.

---

[1] In his reply, defendant argues that the Court and counsel erroneously assumed that because defendant was subject to an enhancement for possession of a firearm under U.S.S.G. § 2D1.1, he was not eligible for relief under the safety valve of U.S.S.G. § 5C1.2(a)(2). See Defendant's Reply (Doc. #810) at 8. As explained above, the Court found that defendant personally possessed a Walther P99 gun. The Court therefore properly determined that defendant was subject to the enhancement under Section 2D1.1 and that he did not qualify for the safety valve under Section 5C1.2(a)(2).

[2] The offense involved marijuana, cocaine and cocaine base. The Court held defendant accountable for a marijuana equivalency of 5,718 kilograms (85 grams of cocaine base converted to 1,700 kilograms of marijuana, 20 kilograms of cocaine converted to 4,000 kilograms of marijuana, and 18 kilograms of marijuana). See PSIR ¶ 133.

## V.     Ineffective Assistance On Appeal

Defendant alleges that Mr. Carlson was ineffective because on appeal, he did not argue that defendant's plea was coerced, that defendant should not have been held accountable for any crack cocaine and that a manager enhancement was inappropriate. For reasons stated above, the Court finds that counsel's failure to raise the first two issues on appeal was not deficient or prejudicial. As to counsel's failure to appeal the two-level enhancement for a management role in the offense under Section 3B1.1(c), defendant claims that the Court erroneously applied the enhancement based solely on the fact that he used Andre Riggans to facilitate a drug deal. See Defendant's Reply (Doc. #810) at 13-14. Defendant insists that he did not "control" Riggans. See id. at 15. At sentencing, however, the Court did not apply the manager enhancement based on defendant's control of any particular individual. Instead, the Court applied the enhancement because defendant exercised management responsibility over the property, assets or activities of the criminal organization. See Transcript Of Sentencing (Doc. #580) at 56 (citing U.S.S.G. § 3B1.1, Application Note 2, which provides that upward departure may be warranted in case of defendant who did not organize, lead, manage or supervise another participant, but who nevertheless exercised "management responsibility over the property, assets, or activities of a criminal organization"); see id. at 56-57 (adopting government's position that defendant "helped manage the criminal activities of this organization by getting the supplies from his brother, having a say in who gets it and also hooking up other people who were part of this group with new suppliers"). Accordingly, counsel's failure to appeal the manager enhancement based on defendant's lack of control over Riggans was not deficient or prejudicial. The Court overrules defendant's fifth claim for relief.

**Conclusion**

In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

defendant has not made a substantial showing of the denial of a constitutional right.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison</u> (Doc. #787) filed May 31, 2011 be and hereby is **OVERRULED**.  A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 11th day of December, 2012, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge