# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20056-03-KHV |
| TONI BAKER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion For Reduction Of Sentence Pursuant To 18 USC § 3582(c)(2) Based On The Fair Sentencing Act Of 2010 And Amendment 750</u> (Doc. #814) filed January 17, 2013. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On March 31, 2006, a grand jury returned a 36-count indictment which charged Toni Baker and 13 co-defendants. In particular, the indictment charged defendant with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (crack), five kilograms or more of a mixture or substance containing cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) three counts of using a telephone to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; and (3) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I), (a)(1)(B)(I) and 2. On October 23, 2007, pursuant to a plea agreement, defendant pled guilty to money laundering in violation of 18 U.S.C. § 1956. See <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #328). Defendant's total offense level was 40, with a criminal history

category IV, resulting in a guideline range of 360 months to life in prison.[1]  See Presentence Investigation Report ("PSIR") dated Mar. 24, 2009 ¶¶ 174-75.  Even so, defendant's sentence was capped by the statutory maximum of 240 months in prison for the offense of money laundering.  See id.  At the original sentencing hearing on March 31, 2009, defendant objected to her criminal history category, the calculation of drug quantity and a firearm enhancement.[2]  In particular, defendant claimed that the offense level in the PSIR was based in part on statements to agents after she had agreed to cooperate and after agents had promised that the statements would not be used against her.  Defendant conceded, however, that even if the Court sustained all of her objections, she faced a minimum guideline range starting at 135 months which was greater than the 96-month sentence which the government intended to propose in its Section 5K1.1 motion.  See Testimony Of Defendant On March 31, 2009.

The Court continued sentencing to April 7, 2009.  At the beginning of the hearing that day, the parties announced that they had agreed that defendant would withdraw her objections and the government would file a Section 5K1.1 motion and request a sentence of 96 months.  After reviewing the relevant factors, the Court sentenced defendant to 96 months in prison.  See Judgment In A Criminal Case (Doc. #648) filed April 9, 2009.  Defendant did not appeal.

---

[1]  The PSIR calculated that defendant was accountable for 19 kilograms of cocaine (converted to 3,800 kilograms of marijuana) and 87 kilograms of heroin (converted to 87,000 kilograms of marijuana).  The total marijuana equivalency was 30,000 kilograms or more so defendant's base offense level was 40 (including two additional levels for possession of a firearm).

[2]  Defendant also argued that she was eligible for a three-level decrease for acceptance of responsibility instead of the two levels proposed in the PSIR.

**Analysis**

Defendant asks the Court to reduce her sentence under the Fair Sentencing Act of 2010 ("FSA"). See Pub. L. 11-220. In particular, she asks the Court to retroactively apply the FSA, which she asserts lowers her sentencing guideline range. A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10(a)(2), one of the applicable policy statements, provides that a reduction is not authorized if the retroactive amendments do not apply to defendant or do not have the effect of lowering the applicable guideline range.

Defendant argues that under Amendment 750 to the Sentencing Guidelines (implementing the FSA) and only considering the quantities of cocaine and cocaine base discussed at the time of her guilty plea, her total offense level is 36 with a criminal history category IV for a guideline range of 262 to 327 months. In defendant's calculation, she does not include any amount of heroin. As noted, the PSIR calculated that defendant was accountable for some 87 kilograms of heroin, which by itself, is well above the threshold amount (30 kilograms of heroin) for a base offense level of 40 (including two additional levels for possession of a firearm). At sentencing, defendant withdrew her objection to the quantity of heroin with the understanding that the government would file a Section 5K1.1 motion and request a sentence of 96 months in prison. Defendant has not shown any basis for the Court, nearly four years later, to reconsider her withdrawn objection to the quantity of heroin. Because the FSA and the corresponding amendment to the Sentencing Guidelines do not lower defendant's applicable guideline range, the Court overrules defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has

expressly authorized it to do so.  See 18 U.S.C. § 3582(c); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1), (2); see <u>Blackwell</u>, 81 F.3d at 947-48.  None of these exceptions apply here.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  <u>See</u> <u>Blackwell</u>, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  <u>See</u> <u>Blackwell</u>, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Reduction Of Sentence Pursuant To 18 USC § 3582(c)(2) Based On The Fair Sentencing Act Of 2010 And Amendment 750</u> (Doc. #814) filed January 17, 2013 be and hereby is **OVERRULED**.

Dated this 25th day of January, 2013, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge